**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 10-cv-03162-WDM-MEH**

JACKIE BODINE AND CHARLES E. BODINE,

    Plaintiffs,

        v.

MRS ASSOCIATES, INC.,

    Defendant.

---

**PROPOSED PRE-TRIAL ORDER**

---

**1. DATE AND APPEARANCES**

    The Pre-Trial Conference is scheduled for **December 15, 2011 at 9:30am**

Nicholas J. Bontrager represents Plaintiffs, JACKIE BODINE AND CHARLES E. BODINE
Krohn & Moss, Ltd.
10474 Santa Monica Boulevard, Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x229
Fax: 866-802-0021
nbontrager@consumerlawcenter.com

Cindy Salvo represents Defendant, MRS ASSOCIATES, INC.
Cindy D. Salvo, Esq.
The Salvo Lawfirm, P.C.
165 Passaic Avenue, Suite 310
Fairfield, NJ 07004
(973) 233-4080

**2. JURISDICTION**

    Jurisdiction of this court arises pursuant to *15 U.S.C. § 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy." Venue is proper pursuant to *28 U.S.C.*

*1391(b)(2)* as Plaintiffs reside in Austin, Colorado.

### 3. CLAIMS AND DEFENSES

a.      Plaintiffs' statement:  Plaintiffs assert Defendant has engaged in conduct violative of the Fair Debt Collection Practices Act (FDCPA), *15 U.S.C. § 1692 et seq*.  Specifically, Plaintiffs allege that: Defendant placed a constant and continuous frequency of collection calls to Plaintiffs seeking collection of an alleged consumer debt owed to Capitol One Bank by placing collection calls to Plaintiffs on a virtual daily basis and calling Plaintiff multiple times in a single day; further Plaintiffs alleges that Defendant would continue to call after being instructed to cease all collection calls, in some occasions, the very same day.  As a result of Defendant's conduct, Plaintiffs seeks recovery of statutory damages of $1,000.00 as well as reasonable attorneys' fees and costs as per *§1692k* of the FDCPA.

b.      Defendant(s)' statement:  Defendant did not call Plaintiff in an excessive manner, as proven by Sprint telephone records submitted in connection with Defendant's pending motion for summary judgment.  In addition, Plaintiffs did not ask Defendant to cease calling them, as proven by telephone recordings.

### 4. STIPULATIONS

For purposes of this matter, parties stipulate to the following facts:

a.) In general, Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

b.) Plaintiffs are natural persons.

c.) Defendant uses the mail and telephone to assist with the collection of debts.

d.) Defendant placed calls to Plaintiffs.

## 5.  PENDING MOTIONS

Defendant's Motion for Summary Judgment is currently pending before this Honorable Court.

## 6.  WITNESSES

a.  Nonexpert Witnesses

  (1)  Witnesses who **will** be present at trial:

   a)  Plaintiffs: Jackie Bodine and Charles Bodine

   b)  Defendant: Defendant's corporate representative pursuant to Fed. R. Civ. P. 30(b)(6).  Identity of said representative is currently unknown.

b.  Expert Witnesses

Parties will not be using expert witnesses in this matter.

## 7.  EXHIBITS

a.  Parties anticipate submitting the following exhibits during trial:

1). Plaintiffs' Complaint.

2). Defendant's Answer.

3). Defendant's Account Notes and Form Letters.

4). Defendant's recorded telephone conversations with Plaintiffs.

5). Plaintiffs' telephone records obtained via subpoena.

6). Plaintiffs' discovery requests to Defendant.

7). Defendant's discovery responses to Plaintiffs.

8). Defendant's discovery requests to Plaintiffs.

9). Plantiffs' discovery responses to Defendant.

### 8.  DISCOVERY

Discovery has been completed.

### 9.  SPECIAL ISSUES

None.

### 10.  SETTLEMENT

a. Counsel for the parties have engaged in settlement discussions throughout the matter and most recently on December 9, 2011, to discuss in good faith the settlement of the case.

b. The parties have not engaged in a settlement conference in this matter.

c. Counsel for the parties do intend to hold future settlement discussions.

d. It appears from the discussion that there is some possibility of settlement and will continue to explore this possibility informally throughout the litigation of this matter.

### 11. OFFER OF JUDGMENT

Counsel and any pro se party acknowledge familiarity with the provision of rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against whom claims are made in this case.

### 12. EFFECT OF PRETRIAL ORDER

Hereafter, this Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court <u>to prevent manifest injustice.</u>  The pleadings are deemed merged herein.  This Pretrial Order supersedes the Scheduling and Discovery Order.  In the event of ambiguity in any provision of this Pretrial Order, reference may be made to the record of the Pretrial Conference

to the extent reported by stenographic notes and to the pleadings.

## 13. TRIAL AND ESTIMATED TRIAL TIME/FURTHER TRIAL PREPARATION PROCEEDINGS

a. Trial is to be a Jury Trial and is expected to require two (2) days time and will take place at the United States District Court located in Denver, Colorado. No special procedures regarding equipment or security is needed.

b. Trial Date: _____.

c. Final Trial Preparation Conference Date: _____.

DATED this ____ day of December, 2011.

BY THE COURT:

_____
Michael E. Hegarty
Hon. United States District Court Magistrate Judge

**PRETRIAL ORDER APPROVED:**

/s/:___Nicholas J. Bontrager__          /s/:___Cindy D. Salvo_____
Nicholas J. Bontrager                   Cindy D. Salvo
Krohn & Moss, Ltd.                      The Salvo Lawfirm, P.C.
10474 Santa Monica Boulevard, Suite 401 165 Passaic Avenue, Suite 310
Los Angeles, CA  90025                  Fairfield, NJ 07004
Tel: (323) 988-2400 x229                Tel:  (973) 233-4080
Fax: (866) 802-0021                     Attorney for Defendant
nbontrager@consumerlawcenter.com
Attorney for Plaintiff